UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JALLEY NGUYEN                                                                           PLAINTIFF

v.                                                                     CIVIL ACTION NO. 3:10CV-673-S

AMERICAN EXPRESS BANK, F.S.B. et al.                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Jalley Nguyen, without the assistance of counsel, filed this action against American Express Bank, F.S.B. and his former attorneys, Deatrick & Spies, P.S.C. He used a court-approved, general complaint form. In the section of the complaint asking Plaintiff to state the grounds for filing this case in Federal Court, he states: "I am file complaint the American Express Bank, F.S.B. The Bankruptcy Case discharge but the creditor keep harassment on me. I did not agreement with legal document for non-discharge. Why rep creditor garnish my checking account?" In an attachment to the complaint, Plaintiff elaborates as follows:

> I filed bankruptcy case back on October 2009. I was hiring an attorney to file Bankruptcy case. But the cases already discharged. And the Creditor American Express Bank, FSB filed Garnishee my money $2168.44. Back on date was 10/25/10.
>
> I called Rep American Express Creditor that they said my ATTORNEY agrees with them for Non-Discharge. I did not know until I went to the bank to get money to pay for my Rent. I did not see any legal document what did I had sign. My ATTORNEY DID NOT PROVIDE any of THAT TO ME. My Attorney just told me he loose the case, but without notify to me. I believed Attorney of American Express Bank FSB and My Attorney working on my Bankruptcy Case without my agreement. They are both put me in the shelter, because I don't have any money to pay for Rent.
>
> This is unfair for me! And my attorney Is has no work ethic and moral to practice in State of Kentucky or any state. I am against AMERICAN EXPRESS BANK FSB FAULT TO WITHDRAW MY MONEY. I want the U.S. Judge and United States Constitution helps me to be fair and justice of my citizen. I am a minority live in Kentucky. We pay tax and register to VOTE and support the state and federal law.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 50 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Liberally construing Plaintiff's complaint, it appears that Plaintiff is attempting to invoke the Court's jurisdiction under either 28 U.S.C. § 1331 or § 1332. Because the Court lacks subject-matter jurisdiction over this action, it will dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(h)(3).

Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law for purposes of exercising federal question jurisdiction if the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Plaintiff mentions the

Constitution in his complaint. Both Defendants in this case, however, are private entities. The United States Constitution does not apply to the conduct of private entities or persons; it applies to conduct by the government. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991). A private citizen is not liable for an alleged constitutional violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Id.* The Defendants in this action are private actors which do not derive their authority from the state, and they are therefore not subject to suit for alleged constitutional violations.

Under 28 U.S.C. § 1332, a federal court may exercise subject-matter jurisdiction over an action involving a purely state law cause of action:

> (a) . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Here, Plaintiff has not alleged, nor does it appear, that the matter in controversy exceeds $75,000.00. Accordingly, jurisdiction is not proper under § 1332.

For the reasons set forth above, the Court will enter a separate Order of dismissal because it lacks subject-matter jurisdiction over this action.[1]

Date:

cc: Plaintiff, *pro se*

4411.008

---

[1]The Court notes that it also appears that Plaintiff's claim is based on a misapprehension of the facts. Plaintiff's lawyer did not agree to the non-discharge. To the contrary, the attorney filed a response in opposition to American Express's motion for summary judgment. Upon review, the Bankruptcy Court found in favor of American Express and against Plaintiff. *See American Express Bank, FSB v. Nguyen*, Adversary Proceeding No. 09-03092, United States Bankruptcy Court, Western District of Kentucky.